IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

## STATE OF TENNESSEE v. ROCKY G. TANNER

**Appeal from the Circuit Court for Stewart County**
**No. 2017-CR-43      Larry J. Wallace, Judge**

_____

### No. M2018-00639-CCA-R3-CD

_____


After a bench trial in July 2017, the defendant, Rocky G. Tanner, was found guilty of driving on a revoked or suspended license in violation of Tennessee Code Annotated section 55-50-504. At trial and in his motion for new trial, the defendant challenged the State's ability to require drivers to maintain a valid license as unconstitutional. The defendant now challenges, for the first time, the constitutionality of Tennessee Code Annotated section 40-24-105(b) "claiming having his license suspended due to failure to pay court costs . . . is not legal under the United States Constitution." However, because the defendant did not present this challenge to the trial court, he has waived consideration of his claim. Thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

William B. Lockert, III, District Public Defender, and Matthew T. Mitchell, Assistant Public Defender, Ashland City, Tennessee, for the appellant, Rocky Glen Tanner.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Assistant Attorney General; Ray Crouch, District Attorney General; and Dani Bryson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

After being indicted for driving on a suspended or revoked license under Tennessee Code Annotated section 55-50-504, the defendant proceeded to a bench trial

for the same on July 14, 2017. At trial the State presented testimony from the defendant's arresting officer, Lee Miller of the Stewart County Sheriff's Office, who explained he initiated a traffic stop against the defendant on October 24, 2016, in Stewart County, Tennessee. Prior to the traffic stop, Officer Miller observed the defendant's vehicle at a red light on Donelson Parkway. Officer Miller noticed the defendant's passenger "was not wearing the seatbelt properly" and when the light turned green, he initiated a traffic stop. During the stop, the defendant failed to provide Officer Miller with a valid Tennessee driver's license or proof of insurance. Instead, the defendant presented a state-issued card for identification only "which was verified through [NCIC (National Crime Information Center)] as suspended." The defendant informed Officer Miller that his driver's license "was suspended in 2006 and he had no intentions of getting it back." The defendant further explained that "he didn't need a driver's license to operate a motor vehicle in Tennessee if he wasn't making any money while doing it." Based upon their conversation, Officer Miller arrested the defendant, believing he would continue to drive without a valid driver's license as the defendant did not think he was doing anything wrong. To close its proof, the State entered into evidence a certified copy of the Department of Safety's record of the defendant's driving history and citations.

The defendant stipulated to the facts as presented by the State and then moved for a judgment of acquittal. In doing so, the defendant argued the State law requiring drivers to maintain a valid license was unconstitutional, and the case should be dismissed. The trial court denied the motion, found the defendant guilty, and sentenced him to a suspended sentence of six months of supervised probation. In his motion for new trial, the defendant again argued the driver's license requirement was unconstitutional and complained his arrest "in lieu of citation was a violation of Tenn[essee] Code Annotated [section] 40-7-118 and therefore [was] an illegal seizure." The trial court dismissed the motion and this timely appeal followed.

*Analysis*

On appeal and for the first time, the defendant challenges the State's ability to revoke a driver's license for failure to pay fines, court costs, or taxes associated with a criminal offense if not paid within one year or more. *See* Tenn. Code Ann. § 40-24-105(b). From our review of the record, it does not appear that any constitutional challenge to the statute was raised in the trial court. This issue of constitutionality was raised for the first time on appeal. Because the defendant's constitutional claim is raised for the first time on appeal, the issue is waived. *See* Tenn. R. App. P. 36(a); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). As a general rule, a party is not entitled to relief on an issue that is raised for the first time on appeal unless a statute is clearly and blatantly unconstitutional. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). If the

constitutional challenge is not raised in the trial court, no opportunity is afforded for the introduction of evidence which may be pertinent in determining the validity of the statute. *Lawrence*, 655 S.W.2d at 929. While the defendant did raise a constitutional challenge to Tenn. Code § 55-50-504(a)(1) in the trial court, he did not raise that claim on appeal, and it is well settled that an appellant cannot change theories for relief from the trial court to the appellate court. Accordingly, his new theory is waived on appeal. *See State v. Dooley*, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000).

The defendant is entitled to no further relief from this Court.

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE